**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Terrance Turner,

Plaintiff

v.

SBGA, et al.,

Defendants

Case No.: 2:25-cv-02000-JAD-DJA

**Order Sustaining Plaintiff's Objection, Rejecting Magistrate Judge's Recommendation, and Extending Time to Serve Defendants**

[ECF Nos. 15, 16]

Plaintiff Terrance Turner filed this lawsuit in October 2025, contending that various government agencies are violating worker-safety and fair-labor standards, among other things.[1] Turner paid the filing fee and, on June 16, 2026, he filed a "certificate of service" indicating that he served his complaint on the defendants via "digital delivery through email at addresses provided on their website and previous comm[unications]."[2] Two months later, U.S. Magistrate Judge Daniel J. Albregts issued an order explaining that the "certificate of service does not show proper service of the summonses and complaint" and ordering Turner to show cause why he shouldn't recommend dismissal of this action for failure to serve under Federal Rule of Civil Procedure 4(m).[3] Turner responded that he chose to digitally serve the defendants due to "the pandemic and other germ related illnesses," amid 40+ pages of rambling statements unrelated to the issue of service.[4]

[1] *See* ECF No. 6 (complaint).

[2] ECF No. 12.

[3] ECF No. 13.

[4] ECF No. 14.

Judge Albregts now recommends dismissal without prejudice for failure to serve.[5] Turner objects. Though his objection is confusing and at times inappropriate, I construe it as asking for an extension of time to complete service and some guidance on how to do so.[6] When a party objects to a magistrate judge's report and recommendation (R&R) on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[7] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[8]

Under FRCP 4(m), the court may dismiss an action against any defendant that wasn't served within 90 days after the complaint is filed. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[9] Service must be completed in compliance with FRCP 4, which contains requirements for serving corporations and federal government agencies.[10] Pro se litigants must adhere to the "same rules of procedure that govern other litigants,"[11] including these service rules.

---

[5] ECF No. 15.

[6] ECF No. 16.

[7] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[8] 28 U.S.C. § 636(b)(1).

[9] Fed. R. Civ. P. 4(m).

[10] *See* Fed. R. Civ. P. 4(h)–(i).

[11] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Turner explains that he served the defendants via email to comply with the spirit of COVID-era court restrictions on in-person interactions.[12] He asks the court for "specific instructions" for properly serving the defendants and represents that he will comply with those instructions "as soon as possible."[13] Ignorance of the procedural rules of this court normally does not excuse errors like Turner's, but I find that giving Turner one more opportunity to attempt proper service on the defendants is in the interest of justice here. Turner has attempted service just once and was not told why that first attempt was ineffective, so it was unlikely that he would have been able to cure defective service without more guidance from the court.

This court cannot give Turner specific instructions on how to effectuate service—he must instead familiarize himself with the Federal Rules of Civil Procedure (especially FRCP 4) and serve the defendants according to those rules. But Turner is advised that email service is generally not effective under federal law. In almost every instance, some form of personal service is required, though certified mail may occasionally suffice.[14] Each defendant must be served with a separate summons and copy of the complaint. Turner is also advised that he cannot be not the one to effectuate personal service on the defendants because he is a party in this case.[15] He must instead find an adult willing to complete service for him. I grant Turner one extension of time to serve the defendants in compliance with FRCP 4 and this order. If Turner fails to serve them by January 11, 2027, or otherwise file a motion seeking an extension of time to serve supported by good cause, this case may be dismissed without further prior warning.

---

[12] ECF No. 16 at 2.

[13] *Id.*

[14] *See* Fed. R. Civ. P. 4(e) (requiring personal service on individuals), 4(h) (requiring personal service on corporations), 4(j) (allowing service via mail on federal agencies in certain scenarios).

[15] *See* Fed. R. Civ. P. (c)(2) ("A person who is at least 18 years old and *not a party* may serve a summons and complaint. (emphasis added)).

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Terrance Turner's objection **[ECF No. 16] is SUSTAINED** and the magistrate judge's report and recommendation **[ECF No. 15] is REJECTED**. **Turner must properly serve the defendants and file a notice showing proof of service by January 11, 2027**. The failure to serve the defendants by that date may result in dismissal.

U.S. District Judge Jennifer A. Dorsey
November 25, 2026